# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA HENDERSON,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | CIVIL ACTION NO. 11-5384 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                       August 1, 2013

The City of Philadelphia, the sole remaining participating defendant in this case, has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The motion will be granted without prejudice.

Plaintiff, at the time represented by counsel, filed suit against the City and several agencies asserting claims relating to Plaintiff's treatment in foster care. After settlement discussions conducted by Chief Magistrate Judge Carol Sandra Moore Wells, all claims and cross-claims were resolved as to four of the defendants by stipulation and order dated December 3, 2012.[1] Counsel for Plaintiff then filed motions to withdraw their representation of Plaintiff, and the motions were referred to Chief Magistrate Judge Wells, who held a hearing on April 8, 2013. Plaintiff did not appear at the hearing, and counsel presented evidence that mail sent to Plaintiff's last known address was returned by the U.S. Postal Service with the notation "Return to Sender. Unclaimed. Unable to Forward."[2] After hearing *in camera* the reasons why counsel sought leave to withdraw, Chief Magistrate Judge Wells granted the motions to withdraw on

---

[1] The Court later granted a motion to dismiss filed by a fifth defendant, to which no opposition had been filed, and although leave to amend was granted, no amended complaint was filed. Two other defendants apparently were never served, as they did not enter the case and no proof of service was filed.

[2] See Doc. Nos. 78, 79.

April 8, 2013.

By order dated June 11, 2013, the Court directed Plaintiff to file a report on the status of the case no later than July 1, 2013, and warned Plaintiff that if she did not file the status report "the Court may dismiss the claims upon proper motion."[3] The order was served upon Plaintiff by U.S. Mail to the address listed in the complaint, and the Court notes that the docket does not reflect that the order was returned as undeliverable to Plaintiff. Plaintiff did not file a status report. On July 10, 2013, the City filed and served a motion to dismiss, arguing that Plaintiff has abandoned her case. Plaintiff did not respond to the motion.

In determining whether the harsh sanction of dismissal is appropriate where the Plaintiff has failed to prosecute, the Court weighs the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[4]

Each factor need not weigh in favor of dismissal for the Court to dismiss a claim.[5] As Plaintiff is now proceeding *pro se*, she is responsible for the failure to respond either to the Court's June 11, 2013 order or to the City's motion. The City is prejudiced by Plaintiff's failure to prosecute her case, as such inaction "frustrates and delays the resolution of this action."[6] Since the

---

[3] Doc. No. 80.

[4] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[5] Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

[6] Metro Metals USA v. All-State Diversified Prods., Inc., No 12-1448, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013).

resolution of the claims against certain defendants, Plaintiff has taken no action to move the case forward, either by cooperating with her counsel, or, after counsel was permitted to withdraw, on her own.[7] Without any communication from Plaintiff, the case simply cannot proceed at this time.[8] The Court does note that the City did not attempt to dismiss the claims on the merits at this time, and therefore the Court assumes that the claim against the City is potentially meritorious. Upon balancing all of the factors, and considering that without Plaintiff's participation there are no appropriate alternative sanctions,[9] the Court will dismiss the case without prejudice. An order will be entered.

---

[7] Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).

[8] Guyer v. Beard, 907 F.2d 1424, 1430 (3d Cir. 1990).

[9] Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).